**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 19 2007

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARY GRINOLD, LYNNE GRINOLD, Individually
and as Next Friends on Behalf of Their Minor Sons,
HANK GRINOLD, KYLE GRINOLD, and GALEN
GRINOLD, and KENDALL GRINOLD,

        Plaintiffs,

vs.

Civ. No. 06-1079 BRB/RHS

THE BOARD OF COUNTY COMMISSIONERS
OF CIBOLA COUNTY, THE BOARD OF COUNTY
COMMISSIONERS OF McKINLEY COUNTY,
COLTEN P. WHITE, SHERIFF MANUEL LUJAN,
and SHERIFF FELIX BEGAY,

        Defendants.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT WHITE'S MOTION TO DISMISS AND/OR FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE AND MISREPRESENTATION

**THIS MATTER** came before the undersigned United States Magistrate Judge upon referral from the Trial Court seeking a report and recommendation relative to the disposition of "Defendant White's Motion to Dismiss and/or for Sanctions due to Spoliation of Evidence and Misrepresentation" ("Motion to Dismiss"), filed September 4, 2007 **[docket no. 79]**. Defendant alleges that Plaintiff's counsel misled Defendant's counsel with respect to the existence of a polygraph examination of Plaintiff Kendall Grinold. Defendant further alleges that Plaintiff(s) and/or Plaintiffs' counsel have failed to disclose and/or destroyed materials related to the polygraph examination. Defendant White seeks dismissal of Plaintiffs' claims against him, or in

the alternative, permission to engage in further discovery.[1] Plaintiffs deny Defendant's allegations and request that the Court deny Defendant's Motion to Dismiss.

## Discussion

Discovery has been unusually contentious, particularly on the issue of whether Plaintiff Kendall Grinold was administered a polygraph examination and, if such an examination was completed, what was the resulting opinion of the polygrapher. At best, Plaintiffs' responses to discovery have been reluctant when addressing the questions concerning the polygraph and Movant became convinced that a polygraph had been taken by Kendall Grinold and that he must have failed same based on Plaintiffs' efforts to resist discovery on the subject. There have been a flurry of accusations and denials on the subject of the polygraph and, at this time, the undersigned does not find Plaintiffs' conduct to be such that dismissal or sanctions are appropriate.

The parties are entrenched in their respective views and unable and/or unwilling to accommodate each other with respect to discovery of materials and information concerning Kendall Grinold's polygraph examination. However, the Court concludes that the interests of justice would be served by permitting post-deadline discovery regarding the polygraph examination of Kendall Grinold. In the context of this lawsuit, information concerning the polygraph of Kendall Grinold is relevant and discoverable. See Federal Rule of Civil Procedure

---

[1] In his alternative request for discovery, Defendant seeks, *inter alia*: (1) "a complete copy of Ms. [Gail] Prosser's file and billing records"; (2) permission to re-depose Kendall Grinold concerning his polygraph examination; (3) permission to depose Ms. Prosser regarding her records of the polygraph examination and possible spoliation thereof; (4) permission to depose the polygrapher; and (5) Cary Grinold's responses "to questions regarding his discussion with Ms. Prosser regarding the polygraph examination of his son Kendall Grinold". (Motion to Dismiss at 6).

("Rule") 26(b)(1) (providing that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party"). Whether the polygraph examination is ultimately admissible as evidence is an issue that does not concern the Court at this point. See Rule 26(b)(1) (explaining that relevant information need not be admissible to be discoverable). Here, where Plaintiffs assert claims of malicious prosecution against Defendants, Kendall Grinold's polygraph examination regarding the underlying criminal prosecution is relevant and "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1).

Moreover, to the extent that Plaintiffs allege that discovery of Kendall Grinold's polygraph examination is precluded by either the attorney-client privilege or work product doctrine, they fail to show that either protection applies. A party seeking to assert a privilege bears the burden of establishing that the privilege applies. See United States v. Lopez, 777 F.2d 543, 552 (10th Cir. 1985). The attorney client privilege does not apply because it is not implicated with respect to any communications between Kendall Grinold and the polygrapher. Although the work product doctrine protects an attorney's strategies and legal impressions, it does not protect the facts concerning the creation of work product or facts contained within work product. See Resolution Trust Corporation v. Dabney, 73 F.3d 262, 266 (10th cir. 1995). The results of Kendall Grinold's polygraph examination do not constitute the "mental impressions, conclusions, opinions, or legal theories of an attorney." Rule 26(b)(3); see, e.g., Wilkins v. DeReyes, 02-Civ-980 MV/RLP, Order Granting Defendants' Motion to Compel Production of Polygraph Results (D.N.M. Apr. 14, 2004 **[Doc. No. 179]**).

## Recommendation

Having considered all the pleadings on file in the above-captioned cause, the arguments and authorities propounded by the respective parties and being otherwise fully advised in the premises, the undersigned reports and recommends the following disposition of "Defendant White's Motion to Dismiss and/or for Sanctions due to Spoliation of Evidence and Misrepresentation" **[docket no. 79]**:

1. The motion should be denied as to Defendant's request that Plaintiffs' claims be dismissed and/or that sanctions be imposed for discovery violations.

2. The motion should be granted to the extent that discovery should be re-opened on a limited basis for Defendant White as follows:

   A. On or before **November 16, 2007**, Defendant White should be allowed to re-depose Plaintiff Kendall Grinold on the issue of his polygraph examination;

   B. On or before **November 16, 2007**, Defendant White should be allowed to depose attorney Gail Prosser for the limited purpose of establishing that a polygraph examination was requested and performed upon Plaintiff Kendall Grinold. This deposition may now be moot, as the parties seem to agree at this time that such a polygraph examination was, in fact, performed by Mr. Jim Wilson;

   C. On or before **November 16, 2007**, Defendant White shall be allowed to depose polygrapher Jim Wilson regarding his administration of a polygraph examination to Plaintiff Kendall Grinold; and

   D. The costs of these depositions should be paid initially by Defendant White; however, the Court reserves jurisdiction to assess or allocate these costs at a future date as may be appropriate.

*Robert H. Scott*  10-19-07
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE