UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| GARY GRINOLD and LYNNE GRINOLD, individually and as next friends on behalf of their minor sons, HANK GRINOLD, KYLE GRINOLD, and GALEN GRINOLD, and KENDALL GRINOLD,<br><br>  Plaintiffs,<br><br>v.<br><br>THE BOARD OF COUNTY COMMISSIONERS OF CIBOLA COUNTY, THE BOARD OF COUNTY COMMISSIONERS OF MCKINLEY COUNTY, COLTEN P. WHITE, SHERIFF MANUAL LUJAN, and SHERIFF FELIX BEGAY,<br><br>  Defendants. | No. CIV-06-1079 BRB/RHS |

ORDER DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT ON THE ISSUE
OF PROBABLE CAUSE

BALDOCK, Circuit Judge.[*]

  This matter is before the Court on Plaintiffs' "Motion for Partial Summary Judgment on the Issue of Probable Cause Regarding Their Claims for Malicious

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation pursuant to 28 U.S.C. § 291(b).

Prosecution Under the Fourth Amendment." (Doc. #101.)  To establish a 42 U.S.C. § 1983 claim for malicious prosecution, Plaintiffs must show (1) Defendants caused Plaintiffs' state criminal prosecutions, (2) the state court terminated the prosecutions in Plaintiffs' favor, (3) probable cause did not exist to prosecute Plaintiffs, (4) Defendants acted with malice, and (5) Plaintiffs sustained damages.  See Novitsky v. City of Aurora, 491 F.3d 1244, 1258 (10th Cir. 2007).  Plaintiffs argue Defendant Colten White, a McKinley County deputy sheriff cross-commissioned in Cibola County by the Cibola County Sheriff, lacked probable cause to investigate and initiate a prosecution of Plaintiffs for crimes allegedly committed wholly within Cibola County.  According to Plaintiffs, Defendant White had no authority under state law to conduct law enforcement activities in Cibola County because McKinley and Cibola Counties failed to execute a "mutual aid agreement" pursuant to the New Mexico Mutual Aid Act, N.M. Stat. §§ 29-8-1 –29-8-3.  Plaintiffs therefore contend that Defendant White lacked probable cause to conduct such activities per se.  For the reasons stated herein, Plaintiffs' motion for partial summary judgment will be denied.  See Fed. R. Civ. P. 56.

I.

The facts as they bear upon the purely legal question before the Court are largely undisputed.  Defendant McKinley County employed Defendant Colten White as a deputy sheriff in the summer of 2004.  In August 2004, Defendant

Manuel Lujan, the Cibola County Sheriff, executed a cross-commission to Defendant White thereby allowing White to conduct law enforcement activities in Cibola County. The substantive portion of Defendant White's written commission provided:

> KNOW ALL MEN BY THESE PRESENTS that I, Manuel N. Lujan, Sheriff of Cibola County, State of New Mexico, do hereby commission and appoint Colten P. White, McKinley Co., deputy in and for Cibola County for me and in my name to do and perform the acts pertaining to his duty as Deputy Sheriff.

The commission, dated August 6, 2004, was effective "unless revoked." The primary purpose of the cross-commission was to permit Defendant White to respond to complaints of criminal activity in and around Ramah, New Mexico, a fairly remote area that straddles McKinley and Cibola Counties.

Plaintiffs, the Grinold family, reside in a subdivision near Ramah. For present purposes it is sufficient to note that a criminal investigation, in which Defendant White was substantially involved, resulted in minor children Hank and Kyle Grinold facing juvenile charges of burglary, breaking and entering, and criminal damage to property. Around the same time, a second investigation, in which Defendant White was also substantially involved, resulted in charges of attempted breaking and entering, trespassing, and aggravated assault against Kendall Grinold, an adult child. In connection with Defendant White's second investigation, Gary Grinold, the father, was charged with a misdemeanor count of obstructing justice.

Both Hank and Kyle agreed to deferred adjudications subject to two conditions that they: (1) be placed on unsupervised probation for six months, and (2) not have any referrals to the Juvenile Probation Department during that time. Both minors successfully completed their periods of probation and the charges against them were dismissed. The state dismissed the charges against Kendall Grinold when its principal witness left the area. A magistrate judge dismissed the misdemeanor charge against Gary Grinold without explanation.

## II.

Despite Plaintiffs' contrary protestations, the Court does not believe Defendant White's authority to conduct law enforcement activities in Cibola County was dependent upon the existence of a "mutual aid agreement" between McKinley and Cibola Counties. Section 29-8-3 of the New Mexico Mutual Aid Act provides: "Any state, county or municipal agency having and maintaining peace officers may enter into mutual aid agreements with any public agency as defined in the Mutual Aid Act, with respect to law enforcement, provided any such agreement shall be approved by the agency involved and the governor." N.M. Stat. § 29-8-3. Section 29-8-2 defines a "public agency" as "the federal government or any department or agency thereof, an Indian tribal council, Indian pueblo council and the state or any county or municipality thereof." Id. § 29-8-2.

To be sure, the wording of the Mutual Aid Act leaves much to be desired. Nonetheless, the most logical reading of § 29-8-3's language suggests the Act is

4

designed to permit the State of New Mexico and its political subdivisions to independently coordinate – without involving the Governor of New Mexico – law enforcement activities with separate sovereigns, *i.e.*, the federal government and tribal governments.  See, e.g., State v. Branham, 102 P.3d 646, 650 (N.M. Ct. App. 2004) (opining that a state police officer's authority to conduct law enforcement activities on tribal lands depends on compliance with the Mutual Aid Act).  The notion that the Governor need be bothered with a written agreement between McKinley and Cibola Counties – both political subdivisions of the same nature within the state – to empower a deputy sheriff to patrol the remote border between the two counties simply proves too much for this Court.

Defendant White's law enforcement activities in Cibola County simply were not "extraterritorial."  Defendant was cross-commissioned as a deputy sheriff in Cibola County to conduct such activities to the fullest extent allowed by law under the broad wording of the commission.  New Mexico courts have, on multiple occasions, recognized the practice of cross-commissioning law enforcement officers without reference to the Mutual Aid Act.  See, e.g., State v. Arroyo, 115 P.3d 232, 233-34 (N.M. Ct. App. 2005) (recognizing a municipal officer may not enforce the motor vehicle code beyond the territorial limits of the officer's jurisdiction unless "the officer has been cross-commissioned with such authority"); State v. Martinez, 112 P.3d 293, 294-96 (N.M. Ct. App. 2005) (rejecting a challenge to a tribal officer's "authority to act as a cross-

5

commissioned peace officer in Gallup"). Plaintiffs in no sense challenge the underlying validity of Defendant White's commission and there is no merit to Plaintiffs' argument that Sheriff Lujan's "intention" or "preference" somehow limited Defendant White's lawful authority as expressed in the cross-commission.

### III.

Even a contrary conclusion as to the applicability of the Mutual Aid Act in this case would not benefit Plaintiffs. A law enforcement officer's violation of jurisdictional boundaries does not necessarily amount to a constitutional violation. See, e.g., United States v. Sawyer, 441 F.3d 890, 897-99 (10th Cir. 2006). In United States v. Mikulski, 317 F.3d 1228, 1231-33 (10th Cir. 2003), the Tenth Circuit held county officers' decision to venture into an adjoining county to locate a criminal suspect did not violate the Fourth Amendment. The Government conceded "the officers did not comply with Utah State law in coordinating their investigation with local law enforcement . . . ." Id. at 1231. Nonetheless, the Court explained that the case did not implicate a state officer's ability to conduct law enforcement activities on the land of a separate sovereign, such as tribal land. Id. at 1232 (distinguishing Ross v. Neff, 905 F.2d 1349, 1352-53 (10th Cir. 1990)). Rather, Mikulski, like this case, "'concerned the jurisdiction of officers acting between *political subdivisions of the same state.*'" Id. (emphasis in original) (citing Pasiewicz v. Lake County Forest Preserve Dist., 270 F.3d 520, 526 n.3 (7th Cir. 2001)).

The touchstone of the Fourth Amendment is reasonableness, and that query in the civil context is generally a question of fact for the jury.  See Draeger v. Grand Central, Inc., 504 F.2d 142, 144 (10th Cir. 1974).  "Conduct by a government official that violates some state statutory or administrative provision is not necessarily constitutionally unreasonable."  Abbott v. City of Crocker, 30 F.3d 994, 998 (8th Cir. 1994) (internal quotations omitted).  The question is *not* whether Defendant White's actions were unauthorized under state law.  The question is whether his actions were reasonable under the Fourth Amendment.  See Cooper v. California, 386 U.S. 58, 61 (1967).

Certainly, a violation of state law may bear upon the question of reasonableness, but it is not per se determinative.  Nothing in the record suggests Defendant willfully acted outside the boundaries of his jurisdiction, or in violation of any state law, when investigating and initiating the prosecution of the crimes with which Plaintiffs were charged.  Cf. Pasiewicz, 270 F.3d at 527 (explaining that a "blatant disregard of state law and the chain of command could weigh on the scales of reasonableness").  In fact, the cross-commission suggests Defendant White was operating within the boundaries of his jurisdiction.  Cf. Mikulski, 317 F.3d at 1233 (acknowledging county officers' wilful disregard of state law).  In this case, any violation of the New Mexico Mutual Aid Act is simply insufficient to warrant granting Plaintiff's summary judgment on the issue of

probable cause.[1]

IV.

For all the foregoing reasons, Plaintiffs' "Motion for Partial Summary Judgment on the Issue of Probable Cause Regarding Their Claims for Malicious Prosecution Under the Fourth Amendment" (Doc. #101) is hereby **DENIED**.

**SO ORDERED**.

Entered for the Court
this 14th day of November, 2007


Bobby R. Baldock
United States Circuit Judge
Sitting by Designation

---

[1] As an alternative ground for relief, Plaintiffs assert in their motion that Defendant White lacked probable cause to charge Gary Grinold with misdemeanor obstruction of justice in connection with Defendant's White investigation into Kendall Grinold's alleged crimes. Plaintiffs do not deny that Gary Grinold prohibited Kendall, an adult, from speaking with Defendant White – although Kendall apparently expressed a willingness to do so – at least under a view of the facts most favorable to Defendant White, the nonmoving party. First, such conduct appears chargeable under N.M. Stat. § 30-22-1.A., which plainly states that "obstructing an officer consists of . . . knowingly obstructing, resisting or opposing any officer of this state . . . ." Second, Plaintiffs' reliance on that portion of the statute that relates to service of process and other court documents is unavailing. That provision applies to process servers, not police officers. As such, Plaintiffs' alternative position lacks merit.